UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE LYNN McKINNEY,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:14-cv-2414-EFB<br><br><br><br>ORDER |

Plaintiff moves for an award of attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1). ECF No. 31. She seeks fees based on 3.7 hours of work performed by Shellie Lott and 27.2 hours of work performed by Chantal J. Harrington at a rate of approximately $190 an hour, for a total of $5,873.89.[1] Plaintiff also seeks compensation for 1.5 hours spent preparing her reply to defendant's opposition, bringing the total to $6,159.31. ECF No. 33 at 4. Defendant does not contend that the hourly rate is unreasonable, nor does she argue that the amount of hours claimed is excessive.[2] Rather, defendant argues that plaintiff is not entitled to reasonable attorneys' fees under the EAJA because the Commissioner's position was

---

[1] Plaintiff seeks an hourly rate of $190.06 for work performed in 2014, and $190.28 per hour for work performed in 2015 and 2016. ECF No. 31 at 2.

[2] The court has independently reviewed the hourly rates sought and number of hours expended and finds that they are reasonable.

1

substantially justified. ECF No. 32. As explained below, the Commissioner's position was not substantially justified and plaintiff's motion is granted.

The EAJA provides that a prevailing party other than the United States should be awarded fees and other expenses incurred by that party in any civil action brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1). "[T]he 'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001) (citing 28 U.S.C. § 2412(d)(2)(D) and *Comm'r, INS v. Jean*, 496 U.S. 154, 159 (1990) (explaining that the "position" relevant to the inquiry "may encompass both the agency's prelitigation conduct and the [agency's] subsequent litigation positions")). Therefore, the court "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir.1988). The burden of establishing substantial justification is on the government. *Gutierrez*, 274 F.3d at 1258 (9th Cir. 2001).

A position is "substantially justified" if it has a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988); *United States v. Marolf*, 277 F.3d 1156, 1160 (9th Cir. 2002). Substantially justified has been interpreted to mean "justified to a degree that could satisfy a reasonable person" and "more than merely undeserving of sanctions for frivolousness." *Underwood*, 487 U.S. at 565; *see also Marolf*, 277 F.3d at 161. The mere fact that a court reversed and remanded a case for further proceedings "does not raise a presumption that [the government's] position was not substantially justified." *Kali*, 854 at 335; *see also Lewis v. Barnhart*, 281 F.3d 1081, 1084-86 (9th Cir. 2002) (finding the defense of an ALJ's erroneous characterization of claimant's testimony was substantially justified because the decision was supported by a reasonable basis in law, in that the ALJ must assess the claimant's testimony and may use that testimony to define past relevant work as actually performed, as well as a reasonable basis in fact, since the record contained testimony from the claimant and a treating physician that

2

cast doubt on the claimant's subjective testimony); *Le v. Astrue*, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (finding that the government's position that a doctor the plaintiff had visited five times over three years was not a treating doctor, while incorrect, was substantially justified since a nonfrivolous argument could be made that the five visits over three years were not enough under the regulatory standard especially given the severity and complexity of plaintiff's alleged mental problems).

However, when the government violates its own regulations, fails to acknowledge settled circuit case law, or fails to adequately develop the record, its position is not substantially justified. *See Gutierrez*, 274 F.3d at 1259-60; *Sampson v. Chater*, 103 F.3d 918, 921-22 (9th Cir. 1996) (finding that the ALJ's failure to make necessary inquiries of the unrepresented claimant and his mother in determining the onset date of disability, as well as his disregard of substantial evidence establishing the same, and the Commissioner's defense of the ALJ's actions, were not substantially justified); *Flores v. Shalala*, 49 F.3d 562, 570, 572 (9th Cir. 1995) (finding no substantial justification where ALJ ignored medical reports, both in posing questions to the VE and in his final decision, which contradicted the job requirements that the ALJ deemed claimant capable of performing); *Corbin v. Apfel*, 149 F.3d 1067, 1053 (9th Cir. 1998) (finding that the ALJ's failure to determine whether the claimant's testimony regarding the impact of excess pain she suffered as a result of her medical problems was credible, and whether one of her doctors' lifting restrictions was temporary or permanent, and the Commissioner's decision to defend that conduct, were not substantially justified); *Crowe v. Astrue*, 2009 WL 3157438, *1 (E.D. Cal. Sept. 28, 2009) (finding no substantial justification in law or fact based on ALJ's improper rejection of treating physician opinions without providing the basis in the record for so doing); *Aguiniga v. Astrue*, 2009 WL 3824077, *3 (E.D. Cal. Nov. 13, 2009) (finding no substantial justification in ALJ's repeated mischaracterization of the medical evidence, improper reliance on the opinion of a non-examining State Agency physician that contradicted the clear weight of the medical record, and improperly discrediting claimant's subjective complaints as inconsistent with the medical record).

/////

3

1 | Here, the court granted plaintiff's motion for summary judgment and remanded the matter
2 | to the Commissioner for immediate payment of benefits, finding that the ALJ erred in finding that
3 | plaintiff did not satisfy "paragraph C" of Listing 12.05. That listing is met by showing that the
4 | claimant (1) has a valid IQ score between 60 and 70, (2) the evidence demonstrates or supports
5 | onset of the impairment before age 22, and (3) she has a physical or other mental impairment
6 | imposing an additional and significant work-related limitation of function.

Testing of plaintiff's IQ on multiple occasions resulted in scores ranging between 60 and 70. ECF No. 28 at 6. Although the ALJ's decision summarized the results of plaintiff's IQ tests, he summarily concluded that plaintiff "does not have an intellectual disability as defined in 12.05." Administrative Record ("AR") 32.

In reversing and remanding, the court found that there was no basis for questioning the validly of plaintiff's IQ scores. ECF No. 28 at 7-8. The court pointed out that the evidence in the record showed that plaintiff had diminished intellectual functioning prior to age 22. *Id*. Accordingly, the court concluded that the ALJ erred in finding that plaintiff did not satisfy Listing 12.05(C), and remanded the matter for immediate payment of benefits. *Id*. at 11-13. The court specifically found that the ALJ failed to address in any meaningful way the evidence indicating that plaintiff met Listing 12.05(C), noting that the record contained multiple test scores that satisfied the first requirement of 12.05(C) as well as evidence indicating diminished intellectual functioning prior to age 22. This ground alone required reversal of the ALJ's decision.

In arguing substantial justification, the Commissioner focuses on the court's additional observation that several circuits have found that an adult IQ score evidencing diminished intellectual functioning creates a rebuttable presumption that impairment existed before the age of 22. *Id*. at 9. The court pointed out that the Ninth Circuit has not addressed the rebuttable presumption issue and that district courts within the circuit are split on whether a rebuttable presumption applies. *Id*. at 10. This court adhered to the line of cases applying the presumption and ultimately concluded that the ALJ failed to rebut the presumption created by plaintiff's adult IQ scores ranging between 60 and 70. *Id*. The Commissioner argues that given the split on whether there is a rebuttable presumption, and the lack of "binding precedent on this issue, there

is still a 'genuine dispute' about the issue in this circuit." ECF No. 32 at 4. Accordingly, the Commissioner argues that she and the ALJ had a reasonable basis in law and fact to find and argue that plaintiff did not meet the listing. *Id*.

While a split in authority might provide sufficient justification to avoid an EAJA fee award, the Commissioner's argument unduly focuses on the split of authority and fails to fully appreciate the court's holding in this case. Although the court did find that the presumption applies and that the ALJ failed to rebut it, the court's primary concern was the ALJ's failure to address in any meaningful way evidence in the record that supported the finding that plaintiff met Listing 12.05(C). As the court previously explained, multiple test scores in the record satisfied the first requirement of 12.05(C) and there was evidence showing diminished intellectual functioning prior to age 22.[3] Without explaining why such evidence was rejected, the ALJ concluded that plaintiff "does not have an intellectual disability as defined in 12.05." ECF No. 28 at 7; *see* AR 32.

There is no split in authority as to whether the ALJ may disregard probative evidence without explanation. *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (holding that the ALJ must explain why "significant probative evidence has been rejected"). Thus, even had the court ultimately found that no presumption applied, the ALJ's wholesale failure to explain why plaintiff did not satisfy the listing—given the multiple valid IQ scores and evidence of poor academic performance prior to age 22—left the court without a sufficient basis for sustaining the step-three determination. *See Thresher v. Astrue*, 283 F. App'x 473, 475 (9th Cir. 2008) (remanding the case where the ALJ failed to address, among other things, the validity of the plaintiff's IQ score); *Flores v. Astrue*, No. CV 11–10714–MAN, 2013 WL 146190 (C.D. Cal. Jan.11, 2013) (remanding case where ALJ's decision provided "absolutely no guidance as to how the ALJ wrestled with" Listing 12.05(C) criteria).

Thus, regardless of whether the presumption applies, the ALJ rejected probative evidence of plaintiff's diminished intellectual functioning without explanation in direct contravention of

---

[3] The record contains plaintiff's high school records, which demonstrate that plaintiff received mostly D's and F's prior to dropping out of school in the 11th grade. AR 260-267.

established Ninth Circuit authority. *Vincent*, 739 F.2d at 1395. Accordingly, the split among the district courts in applying a presumption to adult IQ scores does not show that the Commissioner's position was substantially justified.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for attorney's fees (ECF No. 31) is granted;

2. Plaintiff is awarded attorney's fees under the EAJA in the amount of $6,159.31; and

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), defendant shall determine whether plaintiff's EAJA fees are subject to offset. If the United States Department of the Treasury determines that plaintiff does not owe a federal debt, the government shall pay fees directly to plaintiff's counsel.

DATED: September 12, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE